Green, J.
delivered the opinion of the court.
This is an Attachment Bill, on two promissory notes, executed by the defendant to the female complainant while sole. The bill states that suits had been commenced in the Circuit Court on said notes, and were then pending, that tbe defendant was about removing himself and his property beyond the limits of the State, and prays an attachment, &c. that the defendant answer, &c. and for general relief.
The bill was filed in July 1844. The defendant answered the bill, admitting the execution of the notes, and the existence of the suits in the Circuit Court, but denying that he was about to'remove himself and property, and excepting to the jurisdiction of the court.
Proof was taken in the cause, and at September term, 1845, the defendant, on making it appear to the court, that the complainants were prosecuting suits upon these promissory notes in the Circuit Court, and this bill also, moved that the complainants elect, which suit they will prosecute; — whereupon he elected to prosecute this bill. And at March term, 1846, a final decree was made for the complainants, from which the defendant appealed to this court.
The only question now raised upon this record is, whether the Court of Chancery had jurisdiction in this case to decree *466 relief .to the complainants. This court has decided at the present term, in the case of Fisher vs. Cummings, that when, under the act of 1843, ch. 29, an attachment issues in a case pending in court, this auxiliary process must issue from, and be returnable to the Court, in which such suit is pending.
The objection to this attachment, therefore, had it been made on the return of the process, either by demurrer to the bill, or by motion to dismiss, would have been fatal. But upon this point, we think the case is now very much altered. It is true, exception is taken to the jurisdiction in .the answer, but the defendant answers fully to the merits; and goes on to take proof, and prepare the case for hearing; and at September term, 1845, more than a year after the bill was filed, he moved the court to compel the complainants to elect, which suit they would prosecute. When therefore on his motion, the election, was made, and the suits at law were dismissed, it is too late to insist that this bill shall also be dismissed, because a suit at law for the same cause, was pending when the bill was filed.
2. We will not enquire, whether by the act of 1843, an attachment bill will lie, in such a case as this, being out of view the pending of the suit at law?
The first section of the act of 1843, ch. 29, provides, “that in all cases where a debtor, or a defendant in any suit or judgment, is removing or about to remove himself or his property beyond the limits of this State, or shall be absconding, or concealing himself or his property, or effects, it shall be lawful for the creditor, or other person entitled to sue, to obtain an attachment agninst the property, debts, choses in action and effects of such debtor in the same manner as such process may be obtained against absconding, or non resident debtors under the different statutes now in force in this State, and the same proceedings may be had as in other cases of attachment; except so far as it is altered by this act.” By the 8th section an- attachment may issue under this act, whether a suit be pending or not.
By the provisions of this act, an attachment may issue against the property of a person who is removing or about to remove himself or his property beyond the limits of the State, or who *467 shall be absconding or concealing himself or his property, founded on the same cause of action, that by the law previously in force, would entitle a party to an attachment against an absconding or non resident debtor. The section of the law above quoted, changed the former law, in two respects, to wit: — 1st. It authorised an attachment as auxiliary to a suit then pending; and 2d. It enlarged the grounds for suing out this process, by permitting it to issue against a party who is about to remove himself or his property beyond the limits of- this State. But wherever, by the laws previously in force, an attachment might issue to recover a debt, by this act, an attachment will lie, for the cause mentioned in it, from the same forum, to recover the same debt.
Refering to the act of Í836, ch. 43, sec. 1, we find, that wherever any person who is a non resident of this State, is indebted to any citizen of this State, or any other State, a bill in chancery might be filed against such non resident to have the choses in action or effects in the hands of any citizen of this State attached without first having recovered a judgment at law.
By this act, the Court of Chancery is vested with jurisdiction for the recovery of demands purely legal, in attachment cases. Wherever a non resident is indebted, whether by account, note or bond, if he has choses in action, or effects in this State, the attachment bill will lie, against him, at the suit of the creditor. And under the act of 1843, for like demands, the attachment bill will lie against a debtor who is removing himself or his property beyond the limits of the State.
3. But it is said, that the fact that the defendant was about to remove himself or property beyond the limits of this State, is denied in the answer, and is not proved; and that as the existence of this fact is necessary to give the court jurisdiction, the mere allegation in the bill is not sufficient; it should be proved. The cases where the court hold that the allegations that give the court jurisdiction must be proved — are those where the facts must exist in order that the court shall have jurisdiction of the subject matter. But this case does not present such a question. The defect of proof here insisted on, is matter in *468 abatement—and should have been pleaded. Smith vs. Story 1 Hump. R. 420; Foster vs. Eaton, 4 Hump. R. 346. The answer cannot rely upon matter in abatement, upon the trial of the merits. Story’s Eq. pl. 548-9, 550, note 3, et seq. The fact, that a Court of Chancery has no jurisdiction of a mere legal demand, except in attachment cases, cannot alter the pleading in this respect.
We think, therefore, that under the circumstances the court properly exercised jurisdiction in this case, and that there is no error in the decree.